# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADAM A. BROWN, | : | |
| | : | 1:19-CV-1190 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| | : | |
| v. | : | |
| | : | |
| KAISER FOUNDATION HEALTH | : | |
| PLAN OF THE MID-ATLANTIC | : | |
| STATES, INC. | : | |
| | : | |
| Defendant. | : | |

## **MEMORANDUM**

### **December 27, 2019**

Presently pending before the Court is Defendant Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.'s Motion to Dismiss Plaintiff's Complaint. (Doc. 15). The matter has been fully briefed, (Docs. 16, 17, 18), and is ripe for disposition. For the reasons that follow, Defendant's motion shall be granted.

### **I.   BACKGROUND**

In accordance with the standard of review applicable to a motion to dismiss, the following facts are derived from Plaintiff's complaint and viewed in the light most favorable to him.

Between 2006 and 2016, Plaintiff Adam Brown ("Brown") lived in Adams County, Pennsylvania but served as a firefighter with the Metropolitan Washington

1

Airports Authority ("MWAA"). (Doc. 1 at ¶ 7). Brown was stationed at Dulles International Airport in northern Virginia. (*Id*. at ¶ 8). MWAA provided Brown with healthcare coverage through Defendant Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. ("Kaiser"). (*Id*. at ¶¶ 9–14). According to Brown, "Kaiser offered this 'healthcare coverage' . . . understanding that MWAA employees might live outside of Virginia, the District of Columbia, and Maryland (the Service Area)," (*id*. at ¶ 14), and "Kaiser explicitly contemplated (both in the Healthcare Contract) and in the Group Evidence of Coverage that Kaiser would pay for its Members' medical services that were provided outside of the Service Area." (*Id*. at ¶ 15). Indeed, Brown posits, "Kaiser implicitly contemplated that it would pay for medical services provided in Pennsylvania for its Members." (*Id*. at ¶ 16).

In 2016, Brown was diagnosed with cancer and underwent several months of treatment at Gettysburg Hospital in Adams County. (*Id*. at ¶¶ 23–27). During this time, Kaiser sent Brown several explanations of benefits letters rejecting payment for Brown's treatment because Gettysburg Hospital and Brown's doctors were not covered under Brown's plan. (*Id*. at ¶ 28). Shortly thereafter, Kaiser referred Brown to a treatment program in Maryland that was covered by his plan. (*Id*. at ¶ 29). According to Brown, "[t]reatment in Maryland forced [him] to travel distances for treatment and to travel distances home after the treatment," which, in

turn, caused him financial hardship. (*Id*. at ¶ 30). Moreover, Brown asserts that, because Kaiser declined to cover his treatment at Gettysburg Hospital, he "was forced to make payments for his medical care out of his own pocket," and "has been unable to pay his Pennsylvania medical providers for medical services that they rendered and for which Kaiser inappropriately refused to make payment." (*Id*. at ¶¶ 33–34).

On July 11, 2019, Brown filed a Complaint against Kaiser in this Court seeking treble damages, costs, and attorneys' fees. (*Id*.). In Count I, Brown contends that Kaiser violated several subsections of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §201-2(4). Specifically, Brown cites, Kaiser represented to him that its healthcare coverage had "characteristics . . . uses . . . benefits or quantities that [it did] not have." 73 P.S. §201-2(4)(v). Brown asserts that this is evidenced by Kaiser improperly denying payment of benefits, coverage requests, authorizations, and referrals for care. Brown also avers that Kaiser engaged in "other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding," 73 P.S. §201-2(4)(xxi), by, among other things, "improperly and wantonly" denying requests for coverage and appeals of those denials and imposing upon its members an unnecessarily complex and technical appeal/resubmission process. (*Id*. at ¶¶ 37–64). Moreover, Brown posits, Kaiser knew that Brown was relying upon its

agents for fiduciary advice and, despite having knowledge of additional methods by which Kaiser could process Brown's claims which could bring them within its coverage, Kaiser was intentionally deceptive and misleading and failed to disclose those methods to him. (*Id*. at ¶ 65–69). Finally, Brown contends, Kaiser's conduct was so pervasive that its conduct amounts to "a business practice," (*id*. at ¶ 63), and "corporate culture." (*Id*. at ¶ 70). In Count II, Brown avers a bifurcated claim of insurance bad faith against Kaiser under 42 Pa.C.S. § 8371. First, Brown reasons, Kaiser breached its duty to him in bad faith by failing to cover the costs of his treatment. Second, Brown continues, Kaiser committed "a separate and independent act[] of bad faith" by inadequately investigating its denials after he presented new evidence "that Kaiser should have paid coverage for certain benefits." (*Id*. at ¶¶ 76–88). In Count III, Brown asserts a claim of intentional misrepresentation against Kaiser based upon the facts that: (1) "Kaiser never made it known to Brown that [it] would be limiting his treatment to certain doctors and facilities," (*id*. at ¶ 90); (2) "Kaiser paid certain doctors and facilities for services rendered in Adams County, Pennsylvania," (*id*. at 91), yet also "denied certain doctors and facilities for services rendered in Adams County, Pennsylvania," (*id*. at 92); and (3) "motivated by Kaiser's self-interest and ill will toward Brown," Kaiser deliberately failed to disclose certain material facts and deliberately misrepresented

4

certain other facts "with the intentions that Brown would forego further efforts to have his benefits justly paid." (*Id.* at ¶¶ 93–96).

On October 7, 2019, Kaiser filed the instant motion to dismiss Brown's Complaint, (Doc. 15), and a brief in support thereof on October 21, 2019. (Doc. 16). Brown filed a brief in opposition on November 4, 2019, (Doc. 17), and Kaiser filed a Reply on October 18, 2019. (Doc. 18). The matter has been fully briefed and is ripe for disposition. For the reasons that follow, Kaiser's motion shall be granted.

## II. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

However, "[t]he Court is not obligated to accept as true 'bald assertions,' *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), 'unsupported conclusions and unwarranted inferences,' *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are 'self-evidently false,' *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996)." *Pinnavaia on behalf of Pinnavaia v. Celotex Asbestos Settlement Tr.*, 271 F. Supp. 3d 705, 708 (D. Del. 2017).

In essence, a Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirement of Federal Rule of Civil Procedure 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that "raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550

U.S. at 555). The complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

In its first issue, Kaiser argues that Count II must be dismissed because Kaiser is a Health Maintenance Organization ("HMO") which Pennsylvania courts have explicitly found to be exempt from statutory bad faith claims. (Doc. 16 at 7 (citing *DiGregorio v. Keystone Health Plan East*, 840 A.2d 361, 370 (Pa. Super. Ct. 2003) ("Pennsylvania specifically exempts HMOs . . . from statutory bad faith claims under 42 Pa.C.S. § 8371."); *Nordi v. Keystone Health Plan West Inc.*, 989 A.2d 376, 382 (Pa. Super. Ct. 2010) ("HMO Act § 1560 insulates [an HMO] from laws like the bad faith statute which 'relate to insurance corporations engaged in the business of insurance.'")). Alternatively, Kaiser argues, even if the Court erroneously finds that Kaiser is an insurer—as opposed to an HMO—Brown's failure to attach the insurance contract or his communications with Kaiser regarding his claims is dispositive. That is, according to Kaiser, to assert a claim under 42 Pa.C.S. § 8371, a claimant must demonstrate that the insurer "(1) lacked a reasonable basis for denying benefits and (2) knew or recklessly disregarded its lack of a reasonable basis." (Doc. 18 at 4 (quoting *Atiyeh v. National Fire Ins. Co.*, 742 F. Supp.2d 591, 598 (E.D. Pa. 2010) (citing *Toy v. Metro. Life Ins. Co.,* 928 A.2d 186, 193 (Pa. 2007))). Here, Kaiser, concludes, because Brown failed to

attach or quote the alleged insurance contract or any denial letters related to his claims, he has failed to state a plausible claim for relief and Count II must be dismissed.

In response, Brown asserts only that "[w]hether Kaiser is an insurer, an HMO, or some other form of legal entity should be a factual analysis to be completed during discovery," and that, because he has pleaded in the alternative that Kaiser is an insurer or an HMO, he has pleaded sufficient facts upon which his insurance bad faith claim can survive a motion to dismiss. We disagree.

Although the district court is obliged on a motion to dismiss to accept as true all of plaintiff's well-plead facts in his complaint, "[t]he Court is not obligated to accept as true 'bald assertions,' *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), 'unsupported conclusions and unwarranted inferences,' *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are 'self-evidently false,' *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996)." *Pinnavaia on behalf of Pinnavaia v. Celotex Asbestos Settlement Tr.*, 271 F. Supp. 3d 705, 708 (D. Del. 2017). In his Complaint, Brown avers that Kaiser is either an insurer or an HMO. However, Kaiser plainly cannot be both. Thus, in this instance, Kaiser's legal status constitutes a legal conclusion rather than a factual predicate and Brown's conclusory assertion that Kaiser is an insurer, and not an HMO, amounts to an

unsupported legal conclusion that need not be credited at this juncture.  Indeed, Kaiser has easily pointed to evidence subject to judicial notice demonstrating that it is an HMO, *see Buck*, 452 F.3d at 260 (finding that a court may consider "items subject to judicial notice" and "matters of public record" when ruling up a Fed.R.Civ.P. 12(b)(6) motion), whereas, not only has Brown failed to attach the documents relative to his claim which would likely reveal Kaiser's legal status, but Brown has failed to present any non-conclusory fact in support thereof.

Moreover, even were we inclined to credit Brown's bald allegation that Kaiser is an insurer, we agree with Kaiser that Brown has failed to state a plausible claim for bad faith under 42 Pa.C.S. § 8371.  As Kaiser notes, Brown's complaint is devoid of any factual pleadings demonstrating that Kaiser lacked a reasonable basis for denying benefits.  *See Atiyeh v. National Fire Ins. Co*., 742 F. Supp.2d 591, 598 (E.D. Pa. 2010).  Instead, Brown avers in a conclusory manner that "Kaiser breached its insurance contract with Brown," that Kaiser "denied Brown's appeal of a denial of payment of certain benefits, thereby first communicating the results of its inadequate investigation . . . follow[ing] presentation of new evidence and persuasion that Kaiser should have paid coverage for certain benefits," that Kaiser's "inadequate investigation included a July 14, 2017 determination that an appeal was untimely, when Kaiser Knew that the appeal had been timely submitted," that "Brown is an 'insured' of Kaiser," that "all of the aforementioned

9

acts, omissions, and malfeasance were motivated by Kaiser's self-interest and ill will toward Brown and those similarly situated, and constitute bad faith," and that "all of the aforementioned acts, omissions, and malfeasance are outrageous." (Doc. 1 at ¶¶ 77–87). Each of these assertions constitute unsupported conclusions that need not be credited on a motion to dismiss. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983) (holding that a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged"); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (holding that a Court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss"). Accordingly, we shall grant Kaiser's motion to dismiss as to Count II.

In its next issue, Kaiser argues that Brown's UTPCPL necessarily fails. According to Kaiser, "Brown appears to argue that by establishing a network of providers for its members and requiring pre-authorization before covering out of network care—a hallmark of any HMO—Kaiser violated" several provisions of the UTPCPL. (Doc. 16 at 10). Moreover, Kaiser reasons, had Brown attached the relevant documents associated with his healthcare coverage, it would be self-evident that all his asserted UTPCPL violations are spelled out as terms of his healthcare coverage. For example, "Brown claims that he did not know that Kaiser, an HMO, would limit his treatment to certain doctors and facilities.

Brown's averment is stunning because it goes against the entire premise of an HMO. The plain language of the extent and nature of Kaiser's coverage is contained in the Contract delivered to Brown, which Brown has chosen to withhold from the Court." (*Id*. at 11). Indeed, Kaiser reasons, "[t]he Complaint is relatively barren of specific factual allegations about coverage, but instead is loaded with empty conclusions to the effect that Brown believes that all of his medical expenses should have been covered." (*Id*. at 14). Thus, Kaiser reasons, Brown's UTPCPL claims necessarily fail and Count I should be dismissed. We agree.

While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that "raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). In essence, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 556 U.S. at 678. "To determine the sufficiency of a complaint under the pleading regime established by [*Iqbal* and *Twombly*], a court must take three steps: First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the

assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (internal citations omitted).

Regardless of the elements that Brown must demonstrate to establish a *prima facie* violation of the UTPCPL, because Brown's Complaint contains only "naked assertions devoid of further factual enhancement" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 129 S.Ct. at 1949, Brown fails to state a plausible claim for relief under the UTPCPL. As Kaiser notes, rather than spelling out facts, Brown simply concludes that "Kaiser improperly denied payment of benefits," (Doc. 1 at ¶ 41), "Kaiser improperly denied coverage," (*id.* at ¶ 42), "Kaiser improperly denied requests for coverage," (*id.* at ¶ 43), "Kaiser improperly denied claims," (*id.* at ¶ 48), "Kaiser improperly failed to advise Brown's medical providers that they needed to resubmit claims with itemizations and medical records," (*id.* at ¶ 49), and so on and so forth. At no point does Brown submit why the aforementioned actions were improper. Thus, disregarding these assertions—as we must—we find that Brown has failed entirely to state a plausible claim for relief under the UTPCPL and shall grant Kaiser's motion to dismiss Count I.

In their next issue, Kaiser argues that Brown has failed to a state a claim for misrepresentation. According to Kaiser, because a claim for misrepresentation is considered fraud, Federal Rule of Civil Procedure 9(b) requires Brown to plead as much "with particularity." FED.R.CIV.P. 9(b). "At the very least a '[p]laintiff must set forth the exact statements or actions plaintiff alleges constitute the fraudulent misrepresentations.'" (Doc. 16 at 15 (quoting *Youndt v. First Nat. Bank of Port Allegany*, 868 A.2d 539, 545 (Pa. Super. 2005)). In his Complaint, Kaiser argues, Brown does not specify the statements that he labels as "misrepresentations." Indeed, Kaiser continues, although claiming that "a July 14, 2017 communication was 'intentionally deceptive and misleading,'" (*id*. at 16 (quoting Doc. 1 at ¶ 93)), Brown does not identify what the representation was or attach or quote the communication. Thus, Brown has failed to plead his misrepresentation claim with particularity and Count III must be dismissed. We agree.

As in Counts I and II, Brown has failed entirely to allege any facts in support of his claim. That is, Brown simply presents "naked assertions devoid of further factual enhancement" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Iqbal*, 129 S.Ct. at 1949. In support of his misrepresentation claim, Brown avers that Kaiser never informed him that his treatment would be limited to certain doctors. In fact, Brown posits, Kaiser explicitly contemplated providing services outside of its service area.

However, Brown offers no factual basis to so find. That is, Brown does not attach the contract he insists exists between himself and Kaiser and does not provide any promotional material wherein Kaiser represents that his treatment would not be so limited or wherein such information is necessarily omitted where it should appear. The only factual assertion Brown posits in support thereof is his anecdotal explanation that "Kaiser paid some doctors and facilities for services rendered in Pennsylvania however did not pay other doctors and facilities for services rendered in Pennsylvania." (Doc. 1 at ¶¶ 17–19). However, it is unreasonable to infer from this fact that Kaiser in any way misrepresented anything to Brown. Brown does not specify that the doctors that Kaiser did cover were outside of the limits of his policy, but only that they were in Pennsylvania.

All of Brown's other averments suffer from the same defect—they are wholly conclusory and insufficient to sustain a claim, let alone a claim premised upon fraud which must be pleaded with particularity. Brown conclusively insists that Kaiser conducted an inadequate investigation, that an appeal of that inadequate investigation was deemed untimely even though it was not, and that Kaiser's communications with him concerning this denial, investigation, and appeal were "intentionally deceptive and misleading." (Doc. 17 at 10). Yet Brown provides no basis for us to so conclude. Brown does not even identify the statement that he insists was misleading. Other than bald assertions, Brown has presented no facts

demonstrating the same or from which the same could be inferred. Thus, we are constrained to conclude that Count III fails to state a claim for relief and shall grant Kaiser's motion premised thereon.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint, (Doc. 15), shall be granted. An appropriate Order shall issue.